UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| ASHLEY A. OLSEN,<br><br>　　Plaintiff,<br><br>v.<br><br>THE CMI GROUP, INC. d/b/a A TO Z<br>CALL CENTER SERVICES, LP,<br><br>　　Defendant. | Case No. 1:22-cv-00232-WCG<br><br>Honorable Judge William C. Griesbach |

## JOINT RULE 26(f) REPORT

The counsel identified below participated in a meeting required by the Federal Rules of Civil Procedure 26(f) via email and jointly prepared the following report.

1. **Nature of the Case**:

   **Plaintiff**: Plaintiff brings this action against Defendant seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 *et seq*., violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq.,* and violations of the Wisconsin Consumer Act pursuant to Wisc. Stat. §427.103 *et seq*. Plaintiff alleges that Defendant violated the aforementioned statutes by placing harassing collection calls to Plaintiff's cellular telephone using an ATDS without her prior consent and after Plaintiff requested that the call cease. Plaintiff further alleges that Defendant violated the FDCPA be not identifying itself by its true name during phone calls with Plaintiff. Specifically, Plaintiff alleges that Defendant falsely identified itself as "Credit One Bank, N.A."

**Defendant:** Defendant denies that it violated any provisions of the TCPA, the FDCPA, or any Wisconsin state law. Defendant denies that it placed harassing collection calls to Plaintiff using an ATDS, denies that it continued to call Plaintiff after receiving a request to cease, and denied that it failed to identify itself by its legal name. Defendant denies that Plaintiff is entitled to any damages or relief as a result of any action by Defendant.

2. **Amendment to the Pleadings.** The parties propose a deadline of **July 15, 2022** to bring any motion to amend the pleadings.

3. **Joining Parties.** The parties propose a deadline of **July 15, 2022** to bring any motion to join additional parties.

4. **Nature of Discovery:** Parties will conduct written and oral discovery. Discovery will focus on the calls at issue, including (1) how many calls were placed by Defendant; (2) whether Defendant had Plaintiff's consent to place the calls to Plaintiff's cellular phone; (3) the capacities of the system utilized by Defendant to place the calls; (4) whether Plaintiff requested that the calls cease; (5) whether Defendant qualifies as a "debt collector" as defined by the FDCPA; (6) Plaintiff's knowledge of the allegations, claims, and defenses at issue in this matter; and (7) Plaintiff's damages, if any. At this time, the parties do not anticipate any special issues related to the discovery of electronic information but will promptly address any issues that do arise during the course of discovery. If there is electronically stored information responsive to the parties' written discovery requests, the parties will produce the information via .pdf format. Additionally, the parties reserve the right to request the information in native format if deemed necessary.

5. **Motions.** There are currently no Motions pending before the Court.

6. **Length of Trial.** If a trial is necessary, the parties believe that it would take no more than two (2) days.

7. **Jury trial.** Plaintiff has demanded a jury trial.

8. **Impacts to Trial Scheduling.** At this time, the parties anticipate no impacts to trial scheduling.

9. **26(f) Conference.** The undersigned counsel participated in a telephonic 26(f) Conference on May 16, 2022.

10. **Initial Disclosures.** The parties propose to make initial disclosures under Rule 26(a)(1) on or before **June 17, 2022**.

11. **Confidentiality.** The parties will make a good faith effort to resolve any disputes concerning confidentiality or claims of privilege. The parties may submit a request to the Court for entry of a protective order regarding the same.

12. **Orders.** The parties do not contemplate any additional orders at this time aside from the Scheduling Order. The Parties will work together to enter an Agreed Protective Order should the need arise.

13. **Proposed Discovery Plan.** The parties anticipate that all discovery shall be completed by **December 30, 2022.**

    a. Subjects on which discovery may be needed: *See* Paragraph 4 above.

    b. The parties anticipate that discovery will include written interrogatories, requests for production of documents, requests for admissions, subpoenas to third-parties, and depositions.

    c. The parties agree that the timing, extent, and limitations on discovery shall be those set forth in the Federal Rules of Civil Procedure and the Court's local rules.

d. **Expert Discovery:** N/A.

Dated: May 27, 2022

**PLAINTIFF**

*/s/ Mohammed O. Badwan*
Mohammed O. Badwan, Esq.
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Ste. 200
Lombard, IL 60148
Telephone: (630) 575-8180
mbadwan@sulaimanlaw.com
*Counsel for Plaintiff*

**DEFENDANT**

*/s/ Xerxes Martin*
EUGENE XERXES MARTIN, IV
Texas State Bar No. 24078928
Email: xmartin@mamlaw.com
MALONE FROST MARTIN PLLC
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
TEL: (214) 346-2630
FAX: (214) 346-2631

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2022, I electronically filed the foregoing with the Clerk of the Court for the Eastern District of Wisconsin by using the CM/ECF system.

*/s/ Mohammed O. Badwan*